UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-371-RJC
(3:09-cr-152-RJC-1)
(3:12-cv-203-RJC)

| | | |
|---|---|---|
| NATHANIEL DEVON BAILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's second Motion to Vacate, Set aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1).

**I. BACKGROUND**

The Court previously detailed the procedural history of this matter in its Order denying and dismissing Petitioner's first § 2255 motion. (Case No. 3:12-cv-203, Doc. No. 4). Since that time, on February 26, 2013, Petitioner filed a Motion for Modification or Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2), the Fair Sentencing Act of 2010, and Dorsey v. United States, 132 S. Ct. 2321 (2012). (Case No. 3:09-cr-152, Doc. No. 87). On May 17, 2013, the Court denied the motion on the basis that Petitioner received the benefit of the changes in the law at his original sentencing.[1] (Id., Doc. No. 90: Order at 1).

Although the Fourth Circuit denied Petitioner's motion for authorization to file a

---

[1] The Court considered but denied Petitioner's motion for a variance from the advisory guideline range, (Case No. 3:09-cr-152, Doc. No. 77: Sent. Hr'g Tr. at 11-12), which was greater than the applicable mandatory minimum sentence for Petitioner's drug offenses prior to Dorsey, (Id., Doc. No. 64: Revised Presentence Report at 13).

1

successive § 2255 motion on March 21, 2013, (Id., Doc. No. 88: Order), Petitioner filed the instant § 2255 motion on June 13, 2013, (Doc. No. 1). Petitioner repeats his Dorsey claim previously rejected by the Court. (Compare Case No. 3:09-cr-152, Doc. No. 87: Motion at 2, with Doc. No. 1: Motion at 4).

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

The ability to pursue a § 2255 motion has limitations. In particular, the Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit. To the contrary, record demonstrates that Petitioner has been expressly denied

2

the authorization to file a successive § 2255 motion. This Court is therefore without jurisdiction to consider the instant motion. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, (Doc. No. 1), is **DENIED** and **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 9, 2013

Robert J. Conrad, Jr.
United States District Judge